E-FILED
Wednesday, 19 August, 2026 10:33:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| CURTIS CLAUDIN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ROCK ISLAND ILLINOIS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 4:26-cv-04189-MMM |

**<u>ORDER</u>**

Plaintiff, proceeding pro se, presently residing in the community, asserts claims for violations of his civil rights on in June 2018. He filed suit on August 4, 2026. This order follows.

Plaintiff's Motion to Proceed in Forma Pauperis, Dkt. 3, demonstrates Plaintiff's inability to pay the filing fee. That motion is therefore granted.

But before directing service on Defendants at public expense, or indeed taking any additional action, the Court has the inherent authority to ensure that the lawsuit has sufficient legal merit to proceed. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). So, the Court will "screen" Plaintiff's complaint to identify and dismiss any legally insufficient claim. *Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 F. App'x 356, 357 (7th Cir. 2008), *quoting Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); 28 U.S.C. § 1915(e)(2)(b).

A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

And the Court may dismiss an otherwise legally sufficient claim at screening if the complaint clearly shows that an affirmative defense bars the suit. Where a plaintiff's "allegations … show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim …." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018).

"A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years." *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) (citing 735 Ill. Comp. Stat. 5/13-202; *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007)). Accrual – the point in time when the statute of limitations begins to run – occurs when the plaintiff "has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief" because, at that point, the plaintiff knows or should know that his constitutional rights were violated. *Towne v. Donnelly*, 44 F.4th 666, 670–71 (7th Cir. 2022) (cleaned up).

Here, Plaintiff alleges Defendants violated his civil rights through excessive use of force on June 8, 2018. He surrendered to the Defendant Officers when they ordered

him to do so, then they beat him severely, causing head injuries, broken bones, and damaged nerves, which required significant medical treatment and resulted in certain permanent injuries. While these allegations state a claim for excessive use of force, and allege reprehensible misconduct by Defendants, the Court cannot see how the allegations are timely, since they occurred over eight years ago.

Plaintiff addresses the statute of limitation in his Complaint. He acknowledges that "a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury, which is the basis of his action." But he asserts that the doctrine of fraudulent concealment tolled the statute of limitations until June 26, 2026, when he learned that video evidence of his arrest existed. He alleges, and the Court accepts as true, that between June 8, 2018, and June 26, 2026, Defendants concealed this video evidence. The Court also takes judicial notice of the fact that Rock Island, Illinois, court records indicate that charges filed against Plaintiff on June 8, 2018, were dismissed by the state on May 11, 2021. See Judici.com (last accessed August 18, 2026).

A defendant's wrongfully concealing evidence that would help prove a cause of action is not enough for a plaintiff to show entitlement to tolling under the fraudulent concealment framework. Instead, a defendant must fraudulently conceal the existence of the cause of action itself. *Smith v. City of Chicago Heights*, 951 F.2d 834, 837 (7th Cir. 1992); *Davila v. City of Chicago*, No. 17 CV 8145, 2018 WL 5024910, at *5 (N.D. Ill. Oct. 17, 2018). And there is no reasonable view of the Complaint that indicates Plaintiff was unaware of the existence of the cause of action beginning at the time the events occurred, on June 8, 2018.

The related doctrines of equitable tolling and equitable estoppel are relevant here but do not provide a basis for finding this action timely.

First, "equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." Plaintiff is not entitled to equitable tolling. He knew about the existence of this cause of action as of June 8, 2018. He possessed sufficient information to, at a minimum, file suit and utilize civil discovery tools to develop the evidence supporting his cause of action. Learning about a concealed item of evidence when the plaintiff already possesses, but does not act upon, substantial evidence to support his claim is not within the ambit of equitable tolling.

Second, "in order to invoke equitable estoppel, a plaintiff must show not only misconduct by the defendants, but also that he actually and reasonably relied on the misconduct." *Ashafa v. City of Chicago*, 146 F.3d 459, 463 (7th Cir. 1998). This doctrine applies in circumstances where a defendant takes active steps to prevent a plaintiff from suing in time, such as promising not to invoke the statute of limitations. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990). There is no indication that any such circumstances exist here.

Plaintiff had the requisite knowledge to file suit when the events occurred, on June 8, 2018. Plaintiff did not file this lawsuit until August 4, 2026, over six years after the statute of limitations elapsed. Plaintiff's claim is plainly time-barred and is thus subject to dismissal. *See Myles v. United States*, 416 F.3d 551, 552-53 (7th Cir. 2005) ("… a

plaintiff's errors do not justify exposing potential adversaries to open-ended risk of liability.").

IT IS THEREFORE ORDERED:

1. **Plaintiff's Petition to Proceed in Forma Pauperis [3] is GRANTED.**
2. **This action is DISSMISSED with prejudice because Plaintiff sued after the statute of limitations expired. Judgment to enter for Defendants.**

Entered this 19th day of August, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE